# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 10-6050

| | |
|---|---|
| In re: | |
| Theodore Stephen Wolk, d/b/a Ted Wolk Apartments, | |
| Debtor. | |
| | Appeal from the United States Bankruptcy Court for the District of South Dakota |
| John S. Lovald, Trustee, | |
| Plaintiff - Appellant, | |
| v. | |
| Kathryn M. Tennyson, | |
| Defendant - Appellee. | |

Submitted: September 23, 2010
Filed: October 14, 2010

Before KRESSEL, Chief Judge, FEDERMAN and SALADINO, Bankruptcy Judges.

SALADINO, Bankruptcy Judge.

The Chapter 7 trustee appeals the June 24, 2010, judgment of the bankruptcy court in favor of the defendant, denying the trustee's request to sell jointly owned real estate free and clear of the defendant co-owner's interest pursuant to 11 U.S.C. § 363(h). For the reasons set forth below, we remand.

## *Background*

The debtor and his wife own a single-family residence in Rapid City, South Dakota. They hold title as tenants in common. When the debtor filed his bankruptcy petition, he and his wife were in the process of dissolving their marriage. The debtor did not claim a homestead exemption in the house. The trustee sought a court order authorizing him to sell the property under § 363(h),[1] arguing that partition was impracticable, a sale of only the estate's interest would realize significantly less than a sale free of the co-owner's interest, and that the benefit to the estate of the sale

---

[1]Section 363 governs the use, sale, or lease of property. Subsection (h) states in relevant part:

> (h) [T]he trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if —
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

would outweigh any detriment to the co-owner. The property is not used for energy production, so the fourth element of § 363(h) is not an issue. The third element – benefit to the estate vs. detriment to the co-owner – is the only element in dispute.

At the conclusion of trial, the bankruptcy court made findings of fact and conclusions of law on the record. The court ruled that the trustee had the initial burden of establishing that the proposed sale would create a benefit to the bankruptcy estate. The court further found that under South Dakota law, the record title as tenants in common gives rise to a presumption that each co-owner holds an equal share. *Cudmore v. Cudmore,* 311 N.W.2d 47, 49 (S.D. 1981). The presumption is rebuttable by a showing of unequal contribution. *Id.* The evidence at trial indicated that the co-owner contributed more toward the purchase price of the house than the debtor did, and had made all of the payments on the first mortgage. The court found that the fair market value of the house was $185,000.00, with equity at the time of trial of approximately $63,000.00. Since the undisputed evidence showed that all of the equity amount was attributable to the co-owner's financial input, the bankruptcy court determined that all of the equity would accrue to her upon sale. Therefore, the court held that since the trustee stands in the shoes of the debtor, the bankruptcy estate had nothing to gain from a sale of the jointly held property.[2]

Judgment was entered denying the trustee's request to sell the property free and clear of the co-owner's interest.

---

[2]Because the court found that there was no benefit to the estate, it did not complete the balancing test of § 363(h)(3).

The trustee filed this appeal, arguing that 11 U.S.C. § 544(a)[3] grants him the rights and powers of a hypothetical judicial lienholder or bona fide purchaser. As such, the trustee asserts that the presumption of equal ownership cannot be rebutted because South Dakota caselaw holds that, as to bona fide purchasers and creditors, co-owners hold in accordance with the recorded title. *See Cudmore*, 311 N.W.2d at 50. Therefore, the trustee asserts, because the co-owner's contribution argument would be inapplicable to the sale of the property to a third party, it should not be imposed against him and he should be permitted to sell the house and distribute half of the proceeds to the co-owner and half to the bankruptcy estate.

---

[3]That section states:

§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by —

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

In response, the co-owner argues that the bankruptcy court correctly decided the matter, and that the trustee should not be allowed to raise § 544 now when it had not been pleaded in his complaint or raised in the bankruptcy court. The co-owner also argues that § 544 does not offer relief to the trustee because there is no transfer to avoid and the trustee cannot act as a lien creditor of the bankruptcy estate.

*Discussion*

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *First Nat'l Bank of Olathe v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan)*, 108 F.3d 886, 888 (8th Cir. 1997); Fed. R. Bankr. P. 8013. We review issues committed to the bankruptcy court's discretion for an abuse of that discretion. *Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.)*, 397 F.3d 647, 651 (8th Cir. 2005) (citing *Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc. (In re Jones Truck Lines, Inc.)*, 63 F.3d 685, 686 (8th Cir. 1995)). The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Farmland Indus.*, *supra* (citing *Stalnaker v. DLC, Ltd.*, 376 F.3d 819, 825 (8th Cir. 2004)). The authorization to sell property under § 363(h) is discretionary with the court. *Probasco v. Eads (In re Probasco)*, 839 F.2d 1352, 1357 (9th Cir. 1988).

The parties seem to be in agreement that long-standing caselaw in South Dakota holds that tenants in common are presumed to hold title in equal shares, although as between them the deed is not conclusive and they may put forth evidence of intent or disproportionate contributions to establish their ownership interests in something other than equal shares. *Cudmore,* 311 N.W.2d at 49. However, the trustee asserts that the presumption of equal ownership cannot be rebutted as to bona fide purchasers and creditors who take in accordance with the recorded title and the presumption of equal ownership. *Id.* at 50 (citing *Stover v. Stover*, 36 A. 921, 922 (Pa. 1897)).

The Bankruptcy Code, at § 704, directs the trustee to collect and reduce to money the property of the estate. One of the tools the trustee may use in performing that duty is 11 U.S.C. § 544(a) which expressly confers on the trustee – as of the commencement of the case and without regard to knowledge – the rights and powers of a bona fide purchaser of real property. This authority underpins the trustee's ability to use § 363(h) to maximize the estate's liquidation of assets to be used to pay creditors and must necessarily be part of the analysis. However, in this instance, the trustee's status under § 544(a) is newly raised on appeal. Ordinarily, we would not consider an issue that is newly raised on appeal since the bankruptcy court did not have the opportunity to address it. However, the trustee's rights in the property (including his rights and powers under § 544) must necessarily be addressed in connection with any proposed sale in order to determine exactly what can be sold. Further, failing to consider the trustee's rights under § 544 could leave the erroneous impression that the trustee must take some affirmative action to acquire his status as a bona fide purchaser. To the contrary, the rights and powers of a bona fide purchaser are conferred upon the trustee as a matter of law under the terms of § 544 (a).

The trustee's position as a bona fide purchaser affects the analysis of a motion under § 363(h). According to *Cudmore*, a bona fide purchaser must be able to rely on the title records regardless of whatever unrecorded arrangements the owners may have made between or among themselves. Otherwise, such a purchaser would bear the untenable burden of conducting a factual inquiry into the respective ownership interests on any jointly owned real estate before completing the transaction. See *Morris v. Kasparek (In re Kasparek)*, 426 B.R. 332, 348 (B.A.P. 10th Cir. 2010) ("We believe that a duty to inquire about the possibility of an implied trust or other unrecorded agreements when title is held by joint tenants undermines the purpose of

the Kansas recording statutes, imposes an undue burden on purchasers, and impairs the reliability of record title.").[4]

The bankruptcy court's ruling relied upon the proposition that the trustee "stands in the shoes of the debtor." We review that conclusion of law de novo. While that statement is often accurate under the Bankruptcy Code, under § 544(a), the trustee's rights are actually greater than those of the debtor. However, the trustee's status as a hypothetical bona fide purchaser was not raised at the trial level, so the bankruptcy court did not have occasion to consider it and to complete the § 363(h) analysis with regard to the estate's benefit vis-à-vis the co-owner's detriment.[5] Therefore, the matter will be remanded to permit the bankruptcy court to consider the impact under South Dakota law of the trustee's rights and powers under § 544(a) and to complete the analysis under § 363(h).

## *Conclusion*

Because the bankruptcy court did not consider the effect of § 544(a), we remand the matter for further consideration consistent with this opinion.

---

[4]*Kasparek* is factually similar to the case at hand and involves a trustee's motion to sell jointly owned property under § 363(h) and a discussion of the trustee's rights and powers under § 544(a).

[5]While there is nothing in the record on appeal to indicate that this issue was raised at trial, we note that we were only provided a partial transcript of the proceedings in the bankruptcy court.