**United States Bankruptcy Court**
**District of South Dakota**



Charles L. Nail, Jr.
Bankruptcy Judge

---

Federal Building and United States Post Office                    Telephone: (605) 945-4490
225 South Pierre Street, Room 211                                      Fax: (605) 945-4491
Pierre, South Dakota 57501-2463

January 10, 2011

Patrick T. Dougherty, Esq.
Counsel for Trustee-Plaintiff John S. Lovald
Post Office Box 2376
Sioux Falls, South Dakota  57101-2376

John H. Mairose, Esq.
Counsel for Defendant Kathryn M. Tennyson
2640 Jackson Boulevard, Suite 3
Rapid City, South Dakota  57702

        Subject:   *Trustee John S. Lovald v. Kathryn M. Tennyson, et al.*
                    (*In re Theodore Stephen Wolk*), Adv. No. 09-5010;
                    Chapter 7, Bankr. No. 09-50082

Dear Counsel:

       Pursuant to its opinion and remand order, the Bankruptcy Appellate Panel has directed this Court "to consider the impact under South Dakota law of the trustee's rights and powers under [11 U.S.C.] § 544(a) and to complete the analysis under [11 U.S.C.] § 363(h)."  *Lovald v. Tennyson* (*In re Wolk*), 437 B.R. 850, 854 (B.A.P. 8th Cir. 2010).  Because the impact of § 544(a) was not previously raised by Trustee-Plaintiff John S. Lovald, briefs on the issue will be necessary.[1]

       After reading the Appellate Panel's opinion and the cases cited therein, the Court believes the parties need to address, first, the impact, if any, of Trustee-

---

      [1] Using a computer search feature, the Court was unable to find a reference to 11 U.S.C. § 544 in Trustee-Plaintiff's Complaint (doc. 1), Defendant Tennyson's Answer (doc. 7) or Amended Answer and Counterclaim (doc. 29), Trustee-Plaintiff's Reply to Tennyson's Counterclaim (doc. 30), or either party's pre-trial brief (docs. 40 and 42).  The Court does not recall whether Trustee-Plaintiff raised the application of § 544(a) orally at trial or, if he did, the context of that argument.

*In re Wolk*
January 10, 2011
Page 2

Plaintiff's standing as a hypothetical judicial lienholder or a *bona fide* purchaser under 11 U.S.C. § 544(a) on what property interest came into the bankruptcy estate, based on South Dakota law, and Debtor Theodore Stephen Wolk's recorded tenancy in common with Defendant Kathryn M. Tennyson in the subject real property.  In so considering, the parties will need to be cognizant state law will define Trustee Lovald's status under § 544(a).  *Williams v. Marlar* (*In re Marlar*), 252 B.R. 743, 752-53 (B.A.P. 8th Cir. 2000)(cites therein); *see Lovald v. Claussen (In re Claussen)*, 387 B.R. 249 (Bankr. D.S.D. 2007).

Second, the Court further believes the parties will need to discuss whether the trustee's interest arising from § 544(a) varies from the trustee's interest in the subject real property under 11 U.S.C. § 541(a)(1), which was considered at the trial.  Finally, if the estate's interest in the real property arising from § 544(a) is different, the parties will need to discuss whether it may be sold by Trustee Lovald under 11 U.S.C. § 363(b)(1) and (h)(3).

Though the Court believes the consideration of § 544(a) will only raise legal issues, should any party believe it is necessary to supplement the record, they may file a motion requesting the same, identifying therein their legal authority for the Court's ability to receive additional evidence at this stage of the proceeding.

An order will be entered.

Sincerely,

*[signature]*

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc:   adversary file (docket original; serve parties in interest)

---

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota