UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 09-50082 |
| | ) | Chapter 7 |
| THEODORE WOLK | ) | |
| dba TED WOLK APARTMENTS | ) | |
| SSN/ITIN xxx-xx-3869 | ) | |
| Debtor, | ) | |
| | ) | |
| JOHN S. LOVALD, TRUSTEE | ) | Adv. No. 09-05010 |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KATHRYN M. TENNYSON, | ) | POST-TRIAL BRIEF |
| PENNINGTON COUNTY, | ) | |
| ABN AMRO MORTGAGE GROUP, | ) | |
| INC., | ) | |
| GREAT WESTERN BANK | ) | |
| Defendants. | ) | |

ISSUE

The primary issue remaining before the Court is whether under the facts of this case, the sale of the House, will result in a benefit to the bankruptcy estate that outweighs the detriment to Tennyson.

DISCUSSION

The trial of this matter occurred on June 22-23, 2010. Trustee does not intend to make a request to supplement the record.

It is settled that the rights and powers of a judicial lien creditor and a bona fide purchaser are conferred upon a trustee as a matter of law under the terms of § 544(a) as of the commencement of the case without taking any affirmative action to acquire that status. 11 U.S.C. § 541 provides that all of a debtor's interest in property becomes property of the estate. Unless a particular federal interest requires a different result, a debtor's property interests are created and defined by state law. Butner v United States 400 U.S. 48, 55 (1979) In this case, by a warranty deed, Debtor held title to the house with Tennyson as tenants in common. (Ex. Pl) The South Dakota Supreme Court has held that legal title to real property is prima facie evidence of actual ownership. Bachand v. Walker 455 N.E.2nd 851, 855 (S.D. 1999) Here the warranty

deed does not indicate the proportionate interest of Debtor and Tennyson so the law presumes they took in equal shares. This presumption is rebuttable, however, by a showing of unequal contribution. Such a showing raises a new presumption that the grantees intended to share in proportion to their contribution. Cudmore v. Cudmore 311 N.W.2d 47, 49 (S.D. 1981) However as to purchases and encumbrances tenants in common hold in accordance with the recorded title and the presumption that they hold in equal shares is not rebuttable. Id at 50. Since a bankruptcy trustee stands in the shoes of a judicial lien creditor and a bona fide purchaser it follows then that under federal bankruptcy law and state law that Trustee and Tennyson own the House in equal shares and that the Trustee's share is property of the bankruptcy estate.

  It is axiomatic under § 363(h)(3) that the Trustee must at the outset establish that the proposed sale does in fact create a benefit to the estate. This Court has already held there is approximate equity in the House of $63,000.00 which exceeds existing liens. (Tr. P.8.L.17) The benefit to the bankruptcy estate is approximately $31,500.00.

  The burden shifts now to Tennyson to show there is a detriment to her. There is no requirement that the benefit exceed the detriment significantly. Calument Farm, Inc., 150 B.R. 664, 675 (Bankr. E.D. KY 1992) In a 363(h) sale of real property held as tenants in common, economic detriment to the co-owner should be the prevailing factor. In re: De Vanzo 2010 WL 1780038 (Bkrtcy. E. D.N.Y.) *9

  Earlier in this bankruptcy case Tennyson filed a motion to modify stay. (doc. 29) Attached to Tennyson's motion was a pleading in Debtor/Tennyson's divorce action titled "DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW" (doc. 29, pages 3-8) In the Findings Tennyson states:

> "10. At the time of the trial Kathy was 58 years old, suffered from sleep apnea, but was generally in good health.
>
> 11. Kathy is a high school graduate and holds an Associate's degree, a Bachelor's degree and a Master's degree.
>
> 20. Kathy worked full-time throughout the marriage and at time of trial was earning a gross salary of approximately $34,000 per year or approximately $2,833 per month. Defendant's exhibit I."

Tennyson has been employed for 40 plus years and has accumulated $39,000.00 in retirement (doc. 21, page 2, response to Interrogatory No.3) Tennyson's House payment is $1,132.00 which includes an escrow for taxes and insurance of $521.10 (doc. 35, page 3, response to

Interrogatory No. 4 including Exhibit "8")  Tennyson admits there are comparable rentals in the area costing $1,000.00 to $1,400.00 per month.  (doc. 35, page 4, response to Interrogatory No. 5)  Tennyson will receive approximately $31,500.00 from the sale of the House and may have the ability to remain in possession of the House pursuant to her rights under § 363(i).

## CONCLUSION

This Court found that Tennyson was not outstandingly credible or helpful to her case. (Tr. Pages 9-10)  The $31,500.00 benefit to the bankruptcy estate outweighs any economic detriment to Tennyson.  Tennyson is in good health, well educated, and she is gainfully employed.  She admits there is adequate substitute housing in the area that fits into her budget and she has her statutory protections under § 363(i) and (j).  Trustee requests that the Court issue an order allowing him to sell the House pursuant to 11 U.S.C. § 363(h),(i), and (j).

Dated: January 18, 2011

DOUGHERTY & DOUGHERTY, LLP

/s/   Patrick T. Dougherty           __
Patrick T. Dougherty
PO Box 2376
Sioux Falls, SD  57101-2376
T (605) 335-8586
F (605) 331-2519
pat@ptdlawfirm.com
Attorneys for Plaintiff

3