UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In Re: | ) | Bankr. No.09-50082 |
| | ) | Chapter 7 |
| THEODORE STEPHEN WOLK | ) | |
| dba Ted Wolk Apartments, | ) | Adv. No. 09-5010 |
| SSN/ITIN xxx-xx-3869 | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| JOHN S. LOVALD, TRUSTEE, | ) | |
| Plaintiff, | ) | POST TRIAL |
| vs. | ) | BRIEF OF |
| | ) | KATHRYN M. TENNYSON |
| KATHRYN M. TENNYSON, | ) | |
| PENNINGTON COUNTY, | ) | |
| ABN AMRO MORTGAGE GROUP, | ) | |
| INC., | ) | |
| GREAT WESTERN BANK, | ) | |
| Defendants. | ) | |

Pursuant to the Court's Order on January 10, 2011, and letter to counsel of the same date, Kathryn M. Tennyson (Tennyson) submits this brief addressing the remaining issues before the Court.

DISCUSSION

The interest of the Trustee in Debtor Wolk's real property is limited to whatever interest Wolk had as of the filing date of the bankruptcy. 11 USC § 541(a) and (d) limits Wolk's interest to that of legal title only, the Court having previously found by clear and convincing evidence that all the equity in the co-tenancy property belonged to Tennyson. Cudmore v. Cudmore, 311 N.W. 2d 47, 49 (S.D. 1981). Wolk's and the Trustee's interest in the real property were of no value of the estate. At the time of Wolk's bankruptcy filing he and Tennyson were in the midst of a divorce proceeding, subjecting each of them to a Restraining Order against transferring or alienating marital property. SDCL 25-4-33.1. Tennyson was occupying the property as her homestead and was in open and notorious possession. Tennyson's homestead interest in her real estate could not be

encumbered by her creditors or those of her husband. SDCL 43-31-1. Tennyson's homestead exemption increased July 1, 2009 from $30,000 to $60,000. SDCL 43-45-3. The Trustee's Complaint was filed August 14, 2009. The Complaint does not plead a cause of action under 11 USC § 544(a).

The Trustee has the status, as of the commencement of the case, of a hypothetical judicial lien creditor or bona fide purchaser of real property. The Court must look to state law to determine the effect of that hypothetical lien. In Re Clausen, 387 B.R. 249, 255 (Bankr. S.D. 2007). S.D. law provides that both a husband and wife must consent to a transfer of joint tenancy property where that property is homestead property SDCL 43-31-17. Where one spouse attempts a conveyance of their interest or attempts to encumber the same to the detriment of the other spouse, the conveyance is ineffective. Wisner v. Pavlin, 719 N.W.2d 770, 774, 2006 SD 64 (S.D. 1006). Nor may a creditor obtain a lien arising from a money judgment against marital, co-tenancy homestead property. O'Neill v. Bennett, 207 N.W. 543 (S.D. 1926).

When a married couple owns property as co-tenants, and at least one of them is living there, any purchaser of an interest in the property cannot take in good faith. Good faith is lacking if there are facts sufficient to put a prudent person on inquiry. In Re Clausen, 387 B.R. 249, 256. Where there is notice of the equitable or possessory homestead interest of another a purchaser or encumbrance does not take in good faith. In Re Clausen, at 256. Tennyson's name on the deed with Wolk, her marriage to Wolk, the existence of a pending divorce (As disclosed in Wolk's Statement of Financial Affairs), and Tennyson's open and notorious occupation of the real estate, are all indications of her interest in the property adverse to purchasers or encumbrancers. That notice, that Tennyson may own an interest in the property greater than the fifty percent that may presumptively arise from the recorded deed, requires purchasers and lien creditors to enquire further.

The non-marital co-tenancy described In Re Kasparek, 426 B.R. 332 (B.A.P.

10th Cir. 2010), did not create a duty to inquire further under Kansas state law. But that case acknowledges that one who has constructive notice of an outstanding title or right is not a bona fide purchaser. In Re Kasparek, 426 B.R. 332, 345. This is true under S.D. law as well. What puts purchasers on notice that there might be an equitable interest in the land greater than what the recorded deed indicates is the marital relationship and occupancy. "Actual, open, and visible possession of real estate is constructive notice to the purchaser of <u>all rights</u> of the possessor in the land. Such possession charges the purchaser with notice of <u>all equities</u> of him in possession." Whitford v. Dodson, 44 S.D. 12, 18 181 N.W. 962, (S.D. 1921) (emphasis added). Such an inquiry here would reveal that Tennyson's "rights" and "equities" were that the equity in the land was hers by virtue of her contributions. Thus, the Court having determined that Tennyson owns 100% of the equity in the property, S.D. law holds that her occupancy, marriage relationship to the co-tenant, homestead rights arising by statute all defeat the Trustee's status of lien creditor or bona fide purchaser. A prospective purchaser can never expect a recorded co-tenancy to be a 50/50 interest when the co-tenants are married and the non-conveying co-tenant is occupying the property as a homestead.

     Even if the Court determines that state law does not deprive the Trustee of good faith or lien creditor status, the Court may find, in its discretion, that any benefit to the estate from a sale is outweighed by the detriment to Tennyson. The Trustee's assertion that there exists $63,000 equity to be split between the parties does not necessarily mean the benefit to the estate is one half that amount, as the evidence clearly showed that after expenses of sale and administration, unsecured creditors would receive nothing. Although payment of administrative expense alone, without a distribution to unsecured creditors has been held by some Courts to be a "benefit" as contemplated by 11 USC § 363, the Court may conclude that that type of benefit is marginal at best when compared to the detriment to be

suffered by Tennyson.  The Court having found and concluded that the equity in the home was all due to Tennyson's contribution, then her loss of all that equity or one half of it is a significant detriment on its own.  The Debtor's lack of contribution to that home equity was a significant factor In Re Gauthreaux, 206 B.R. 502, 506 (Bankr. N.D. Ill. 1997) and should be here as well.  Tennyson having contributed all the equity in the home, is a significant economic detriment to her to lose that to her former husband's creditors.  Along with all the other factors previously argued and briefed, and the evidence before the Court, the Court may find that § 363(h) sale would not benefit the estate sufficiently to outweigh the detriment to Tennyson.

Since the Trustee can only sell the estate interest property of the estate under 11 USC § 363(b)(1), if the Trustee's interest in the property is that of only legal title, with all equity owned by Tennyson, the sale must be denied.

For all of the above reasons the Court should issue its Order denying the sale under § 363.

Dated:  February 28, 2011

 /s/ John H. Mairose
John H. Mairose
Attorney for Defendant, Kathryn M. Tennyson
2640 Jackson Blvd., Ste. 3
Rapid City SD 57702
605/348-7836
605/348-9802 - Fax